Ms. Williams May it please the court Jackie Williams on behalf of the appellant Nani Jo Manty Ms. Manty is the trustee of the bankruptcy estate of Grace Johnson So let me just get rid of this in a hurry Why did you choose this case? Why are you appealing from an 88-year-old? Why wasn't there a 34-year-old that could have been? It's limited income And this is the case the trustee chose? Well your honor, the decision of course applies to all debtors And it also has implications for the collection of judgments in Minnesota So the trustee didn't really have the opportunity to pick and choose This was the case that was before her Of course the issue on appeal is whether a property tax refund is exempt as government assistance based on need And the trustee asked this court to hold that it is not government assistance based on need And to overrule the decision of the bankruptcy court for three reasons First of all, the property tax refund act does not address basic economic needs Second, the refund is available to those with high incomes And therefore it does not address basic economic needs And then last, treating a property tax refund as government assistance based on need Leads to an unreasonable result Just very brief background on the case In Minnesota a debtor can elect the federal or the Minnesota state exemptions And of course this debtor elected the Minnesota exemptions Presumably she did that because she had quite a bit of equity in her home to protect About $150,000 She claimed her 2012 property tax refund of $1,946 as exempt Under Minnesota statute 550.37 subdivision 14 Claiming that it's government assistance based on need Now the statute at issue doesn't define the term government assistance based on need It does however list several programs that are considered government assistance based on need The tax refund is not one of those programs listed But the word including is not a word of limitation is it? Correct your honor, that's correct And so that leads us to the question Whether a property tax refund is government assistance based on need And to make that determination We need to look at the statutory construction Which leads me to my first point And that is the purpose of the property tax refund act in Minnesota Does not address basic economic needs The property tax refund act The purpose is actually set forth in the act And it states and it's a quote Is the purpose of this chapter is to provide property tax relief To certain persons who rent or own their homesteads There's no need based reference there No this is designed to assist those that are needy Or any of that type of language The Minnesota Supreme Court Discussed the purpose of the property tax refund act It's a 1978 case And the court Acknowledged that it certainly helps those folks that have Low incomes but it's also designed to assist the middle classes And something that's designed to assist the middle classes Is not exclusively designed to assist those with low incomes Or to address basic economic needs And the court also discussed the overall purpose of the statute And that is equalization So not only social and economic But equalization among geographic areas And an example of that in Minnesota It's common for property taxes in the metro The seven county metro area to be more Than taxes in the outstay area And so the purpose of the statute is to equalize that So people in different parts of the state are paying A more equal amount So could I ask you You make the point that if anyone is deemed eligible For public assistance under the statute Then their wages are Basically shielded from garnishment For a period of six months Yes, your honor Could you tell me as a practical matter how that works I'm just looking at the language of the statute It says that they're exempt for a period of six months After the debtors return to employment or farming And after all public assistance for which eligibility existed Has been terminated So if the debtor If a wealthy debtor were receiving A refund every year then as a practical matter Their wages would be exempt forever, correct? They would be exempt For six months So six months of the year they would be exempt And that's where There's certainly far reaching implications You know the statute doesn't only Apply to bankruptcy exemptions It also applies to post judgment collection And so not only would the bankruptcy debtor Be able to exempt this But it does have far reaching implications for collection And it just certainly doesn't make sense That an individual that has an income of $100,000 a year Would be able to protect their wages and income From their creditors With regard to the There are three different ways Which a person will qualify for a property tax refund The first is a homeowner And the income limit for a homeowner is $103,729 And that is Household size $103,729 And that's for Claims filed in 2013 For the 2012 tax year I believe that may be in a footnote in our brief The second type of refund Is for renters And the income limit for renters is $56,219 And the third Manner in which a homeowner can receive a refund Is if their property tax Is increased by 12% from the previous year And there's no income limit for this form Of a property tax refund So you could have an individual that's making $500,000 a year That is Receiving a refund And of course there would be the argument that the refund And the wages and salary of that person Would be exempt The reasoning is supported By the Henry Hardy case Which is a case that was recently decided by this court And in that case this court looked at the child tax credit And the Hardy debtor took her exemptions Under Missouri law Which provides an exemption for public assistance benefits And there the income limits were actually lower Than they are for the property tax refund act The income limit was $110,000 For married individuals Or $75,000 modified gross income for unmarried individuals Whereas with the property tax refund act It may be $103,000 For a household of one So it's our position that the reasoning in Hardy Certainly supports treating The property tax refund act here As being non-exempt Because like the child tax credit The property tax refund just does not address Basic economic needs The last reason And I touched on it a bit Is that interpreting the statute this way Leads to an absurd result And the legislature does not intend An absurd result And the statute 550.37 Provides exemptions for bankruptcy And also for post judgment collection So if this court Upholds the bankruptcy court decision There is the Very likely possibility That we will have folks that are making very high incomes That will be able to protect their income From creditors Thank you I I also wanted to address The bankruptcy court Addressed the Tom's Act case And that deals with the earned income credit And that's Different than the property tax refund Act because the earned income credit has A clear need based purpose Whereas again the property tax refund act does not have that So for These reasons we ask the court to Overturn the bankruptcy court's decision And I'd like to save my remaining time for rebuttal Thank you Good morning Mr. Anderson Good morning I'm representing Grace Johnson in this appeal Your honors This court has just decided the Henry Hardy case But that case involved of course was The exemption Whether an exemption could be claimed under Missouri law As a public assistance benefit A federal additional child tax credit And this case That we have before us today your honors is different than the Hardy case Because the Missouri Exemption statute in Hardy Provided that a public assistance benefit was exempt Here we have a different phrase with a different meaning The phrase that provides an exemption In the Minnesota statutes is government assistance based Upon need The court noted in Hardy that there was no definition There was no statutory explanation of what did the legislature mean By public assistance benefit I note that the Missouri statute in Hardy Tracks the language and structure of the federal exemption statute Under section 522 D10A And courts have struggled over What does the word public assistance The phrase rather mean in that section And your honors As a practical matter The money that we're talking about is Money which your client already paid in That's correct your honors And so if someone over withholds Their payments to the IRS Just from their wages every year and they're entitled to a refund Because they over withheld They're just getting back money that they already paid in How can that be public assistance Well your honor I think that we have to look to the legislature And what if anything did the legislature Say about the reason for getting the refund And so the Hardy case pointed out That nobody brought any evidence before the court About what was the criteria you used In giving this additional child tax credit Back to a taxpayer In the case at hand though we have plenty of evidence Both from the statute And from Minnesota's Supreme Court that tells us What is the reason that the person is getting back That the taxpayer is getting back part of that tax That they've paid and I think that's how the court can tell Whether it's government assistance based on need But if you don't pay anything in Then you're not entitled to anything under the statute You're correct your honor that's Legislators in the tables points out that The debtor is not going to get back any refund If they don't pay the property tax And that's apparent from the tables that I'm talking about That are exhibits E and F And part of the court's record Exhibits E and F the debtor attached to the debtor's response To the trustee's objection to the claim of exemption In the court below Your honor admittedly if all we had here today Was public assistance benefit Then there wouldn't be much guidance for the court And we'd be having the same analysis as the court Used in Henry Hardy And in my 28J letter I pointed out That there were three decisions Henry Wilson, Henry Koch And Henry Johnson Just to illustrate that courts have struggled over what does this phrase mean It's quite helpful to have An explanation from the legislature It's helpful to have like we do here today A listing of what did the legislature mean By the phrase government assistance based on need And also an opinion from the states high court Explaining What is the nature of this property tax refund So we can tell whether it's their intention That this fit within that framework of subdivision 14 Of Minnesota statute section 550.37  That we don't even need to look at the dictionary In this case as the court did in Henry Hardy Because of that explanatory language in the statute Do you agree that there are Three bases for being eligible For the refund Yes I do your honor Which one of those three is needs based Well your honor the tables and exhibits ENF that I mentioned before Show that as income rises Up to a limit of $100,000 and some change for 2012 But $103,000 for 2013 As counsel for the trustee noted The refund gets smaller and smaller And disappears completely at that level of income And then your honor the threshold percentage Of the person's income Where the property tax refund kicks in Begins to increase as income goes up And so the third criteria is How much of the refund do you get back When you compare that percentage So your honor I think it's manifest that that's needs based If you just looked at those tables And this is even without looking at the title of the act That we're talking about Minnesota's 1975 property tax refund act That's just additional evidence And I think also the Minnesota Supreme Court's characterization Of what is the purpose of this law we're talking about Is also instructive as well But I think it's apparent your honor from the tables That are used and that are explained Because of the we'll call it tapering Of the benefit for higher income folks Yes your honor because of the tapering And then also when you compare that to Henry Hardy We don't have the anomalous situation As was present in Henry Hardy Where the refund's not available to the brokest of the people And what I mean is the opinion pointed out That if your income was less than $10,000 roughly You couldn't get the additional child tax credit Which I think would be perplexing as well It was Much of the basis for the court's ruling your honor That you noticed We don't have that here If you look at it you'd say well yeah it's needs based And the legislature used the word relief Over and over again talking about why do you get this money But how can you say it's needs based As to those in the third category Whose taxes went up 12% or more But have no income limitation Well your honor it is less obvious For the over 12% increase Category of property tax refund Contained in subdivision 2H that that's needs based I would point out though that since that Subdivision 2H providing for this over 12% increase Property tax refund is placed Right after the section where the Property tax refund Needs based language is contained That the legislature may very well have decided you know what When someone gets an over 12% increase In one year in their property tax That the legislature just decided okay that means They need this very same kind of relief And I'd point out your honor that very same section 2H Says that if your property tax went up Because you improved the property in that year Then you can't get this over 12% Increase property tax refund In any event that's a different basis for a refund And that question is not before the court Because this debtor has simply The property tax refund available under subdivision 2H Not the increase in Of 12% or more Less than $103,000 Yes that's right your honor The debtor here of course had income of $1460 per month Social security 88 year old widow Plus sometimes rent Sometimes rent when she rented a room that's right Unless she didn't have it on the petition date But your honor it's almost as if the legislature Were talking about this woman when they Passed this law You picked the right case Probably true sir Well let me ask you to answer Judge Fetterman's question To Ms. Williams If you're receiving the refund because you paid the tax Are you not just Getting your own overpayment back Well I think it's true you're getting your own overpayment back And what's important about that is that The legislature's chosen you to get that Portion of the money you've paid in back Based on your degree of need I'd point out your honor that in Murphy v. Hineker A 1978 Minnesota Supreme Court case The court pointed out that The act's title Is an act relating to taxation Providing state relief to homeowners And renters For extraordinary property tax burdens That's what I meant when I said That we could tell what the purpose of this program was And that it's government assistance based on need By looking at what the legislature said Extraordinary property tax burdens State relief to homeowners that's what they called the act That's why I said your honor It's as if they were speaking to the debtor in this case Your honors In Minnesota statutes 290A.02 What that states in that very short Subdivision is that the purpose of this law is to provide Property tax relief to certain Persons who own or rent their homesteads The case of Henry Hineker also said That the intent of the Minnesota property tax refund program Was to shift property tax burdens According to a family's ability to pay That's at page 840 In the Northwest Reporter version of this case I would submit that it's very clear That the legislature considers this government assistance Based on need because of language like that On the same page your honor The Minnesota Supreme Court said that the property tax relief bill Was passed to help the poor Both working and non-working And the middle class That's the judgment of the Minnesota legislature About who is going to get this relief Based on need I don't think it's for this court to say Well that's just simply too much Of a refund It's simply available to people who are middle class It can't be aid to the poor Well the Minnesota legislature said Government assistance Based upon need Is what's exempt in subdivision 14 And the legislature said Here's how we determine who is in need of relief That means it's different than the case of Henry Hardy Where the court did have to attempt to find some meaning For the phrase public assistance Here it's a different phrase And your honors the trustee pointed out That the list of programs contained in subdivision 14 Seven of them Are programs administered by the Minnesota Commissioner of Human Services And so the trustee has argued that Because under a different Minnesota law The trustee's correctly noted this The legislature says the Commissioner of Human Services In Minnesota shall administer all Programs of public assistance And there's at least a couple of programs Listed in subdivision 14 That are not administered by the Commissioner of Human Services For example SSI County relief And energy and fuel assistance Which is administered by the Commissioner of Revenue So we can tell the legislature Didn't mean to restrict The programs in that subdivision To only programs administered by the Commissioner of Human Services As the trustee argued In fact it'd be very logical to conclude sirs That the caption of the statute Public assistance Which is followed immediately by the phrase All government assistance based upon need That those two phrases mean something different We can tell because the legislature just changed In 2009 the language of that statute From relief based upon need To government assistance based upon need And if this court's going to give meaning To all the words of that statute It should recognize the legislature chose the words carefully And the intended words that were different words Or different phrases to have a different meaning So I think it's perfectly reasonable to conclude That the word public assistance would mean Programs administered by the Commissioner of Human Services But government assistance based upon need Includes programs even that aren't Such as this exact program Just like energy assistance or fuel assistance Administered by the Commissioner of Revenue Or just like SSI Your honors I'd point out that the court below Judge Ridgway found that Found it informative that SSI Is listed as a government assistance benefit Based on need in the statute in Subdivision 14 and the court Pointed out in the decision below that 42 USC section 1382 AB 5 and 6 Point out that any amount Received from I'm sorry let me just read verbatim any amount Received from any public agency As a return or refund of taxes paid on real property Is to be excluded from the computation Of income for eligibility for SSI So the federal government has recognized The special character of a property tax Refund That's all I have your honors unless you'd like to ask me a question Thank you very much With With With With regard to the Commissioner of Human Services The statute actually indicates That the Commissioner of Human Services Administers All forms of public assistance provided for under state law There is the distinction of state law So the federal programs wouldn't fall into that The SSI or the county The programs by the county and the city Are not Provided for under state law With regard to the Bankruptcy courts discussion Of SSI It's significant there That there's actually Two separate categories One for public assistance based on need And then property tax refunds are actually in a separate category So if they were to be considered together You would expect to find them under the same number And in addition to that there are also Gifts and scholarships and other things like that That are not public assistance based on need That are excluded from income for social security purposes So it's our position that the reliance on that Is misplaced With regard to the Hineker case The The language in Hineker speaks to Equalization Property tax equalization So different folks in different areas of the state Are Paying sort of the same portion of their property Or paying the same portion for Their property taxes So it's equalization And the court specifically indicated That it is also addressed to the middle class And as this court noted in the Hardy case It can never be addressed to the middle class Or to the higher incomes Which again the 12% increase portion Definitely speaks to higher incomes And Mr. Andresen pointed out that That's not the property tax refund That the debtor in this case received She received it under the homeowners Refund However that's not necessarily A distinction that matters Because again The ruling is going to impact All debtors and all collection activity In Minnesota Not just ones that are receiving the homeowners refund And of course the homeowners refund does have The $103,000 income limit With regard to the sliding scale Aspect of the property tax refund There's a sliding scale that's used to determine Refunds of federal income taxes as well And federal income taxes are certainly available For the trustees to collect Or for judgment creditors to collect In collection activity So I would say that that's not necessarily a distinction I don't have anything else But I'm certainly available for questions